UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GILBERT M. MARTINEZ,

        Plaintiff,

   - against -

Queens County District Attorney, ADA
DEBRA POMODOR; Kings County District
Attorney; New York City Police Department
(Narcotics Division); New York Supreme
Court, Hon. ALICE SCHLESINGER; Kings
County Family Court, Hon. ANTHONY
CANNATARO; Berks County Family Court,
Hon. SCOTT E. LASH; Berks County Human
Resources; Berks County Social Security
Administration; T-Mobile USA, Inc., Met-Ed
Electric Supplier; Verizon, Berks Community
Health Center, Reading Hospital, Saint Joseph
Hospital and SUNY Downstate Medical Center,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-6262 (RRM) (RER)

ROSLYNN R. MAUSKOPF, United States District Judge.

     On December 20, 2012, plaintiff Gilbert M. Martinez, appearing *pro se*, commenced this action by filing a complaint together with two proposed orders to show cause why a preliminary injunction and restraining order should not be issued. (Doc. No. 1.) At the time of filing, plaintiff paid the $350 filing fee required to commence this action. For the reasons below, plaintiff's complaint is DISMISSED IN PART, his request for an order to show cause at Document Number 4 is DENIED, his request for temporary restraining order at Document Number 3 is DENIED, and his request for an order to show cause why a preliminary injunction should not issue is GRANTED.

1

## BACKGROUND

This complaint sets forth several distinct claims. First, plaintiff alleges that he was falsely arrested and maliciously prosecuted by defendant Debra Pomodor, a prosecutor in the Queens County District Attorney's Office, and members of the New York Police Department, who also are alleged to be engaging in illegal investigatory procedures. (Compl. at 4–5.) Second, plaintiff challenges decisions entered in cases pending in the Berks and Kings County Family Courts. (*Id.* at 5–6.) Third, plaintiff alleges events arising in Berks County, Pennsylvania where he resides, surrounding his human resources and social security benefits, the power utility provided to his home, and his treatment at local hospitals. (*Id.* at 5–8.)

## DISCUSSION

### I. Family Court Proceedings

In reviewing plaintiff's complaint, the Court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, if the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord Cave v. East Meadow Union Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008). Furthermore, if the Court determines that the action is frivolous, the Court may dismiss the complaint *sua sponte* even if

the plaintiff has paid a filing fee. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (*per curiam*).

It is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus,* 136 U.S. 586, 593–94 (1890). "So strong is [the Supreme Court's] deference to state law in this area that [the Supreme Court has] recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 12–13 (2004) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)); *Fischer v. Clark*, No. 08 CV 3807, 2009 WL 3063313, at *2 (E.D.N.Y. Sept. 24, 2009).

Here, plaintiff challenges various decisions entered by Family Court Judges Scott Lash and Anthony Cannataro in proceedings pending in Berks and Kings County Family Court. He also challenges the decision of Judge Alice Schlesinger denying Article 78 relief concerning the same family court decisions. Although plaintiff cites to 42 U.S.C. § 1983, the sum and substance of his claims concern matters of state domestic relations law. Therefore, claims against Family Court Judges Lash and Cannataro, Judge Schlesinger, the New York Supreme Court, and the Berks and Kings County Family Court are dismissed as they are barred by the domestic relations exception to the jurisdiction of the federal courts. *Schottel v. Kutyba*, No. 06-1577-cv, 2009 WL 230106 (2d Cir. Feb. 2, 2009); *Donahue v. Pataki*, 28 F. App'x 59 (2d Cir. 2002); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 516–17 (E.D.N.Y. 2010); *Puletti v. Patel*, No. 05 CV 2293, 2006 WL 2010809, at *4 (E.D.N.Y. Jul. 14, 2006); *Rabinowitz v. New York*, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004); *see also* Fed. R. Civ. P. 12(h)(3) ("[If the Court] determines at any

time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *accord Cave*, 514 F.3d 240, 250 (2d Cir. 2008).

## II. Plaintiff's Proposed Orders to Show Cause

Plaintiff also seeks immediate relief by two "order[s] to show cause for preliminary injunction and retraining order." (Doc. Nos. 3–4.) First, plaintiff seeks an order "Restraining defendants from unlawfully wire taping [sic] to his cellular phone, home phone, and internet service, to be further restrained from pursuing petitioner from unlawful stops, and investigations." (Doc. No. 3 at 2.) Second, plaintiff seeks an order "Restraining defendant Hon. Anthony Cannataro from proceeding with hearing and trial in the matter of Custody and Restraining Order." (Doc. No 4 at 2.)

"The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). "The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). A party seeking a preliminary injunction must show "(a) irreparable harm and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking the injunctive relief. *Covino v. Patrissi*, 967 F.2d 73, 77 (2d Cir. 1992); *see also Citigroup Global Mkts., Inc. v. Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010). Temporary restraining orders and preliminary injunctions are extraordinary remedies "that should not be granted as a routine matter." *JSG Training Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75,

80 (2d Cir. 1990); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right.").

Because the Court lacks subject matter jurisdiction over plaintiff's family court proceedings and related decisions, plaintiff's request for an order to show cause why preliminary relief should not be granted as to those proceedings is denied.

Plaintiff's request for a temporary restraining order related to the alleged illegal investigation and prosecution is also denied. Plaintiff did not provide reasons why notice should not be required, as is necessary under Rule 65. Moreover, the facts alleged in plaintiff's verified complaint do not clearly show immediate or irreparable harm that requires action prior to notice.

While Plaintiff is not likely to meet the standard for preliminary injunction for the same reasons, the Court will require the remaining defendants to respond to the request for preliminary injunctive relief as detailed further below.

## CONCLUSION

Accordingly, the complaint is DISMISSED against Family Court Judges Lash and Cannataro, Judge Schlesinger, the New York Supreme Court and the Berks and Kings County Family Courts for lack of subject matter jurisdiction pursuant to the domestic relations exception. Plaintiff's order to show cause as to these defendants is DENIED on the same ground. The complaint shall proceed as to the remaining defendants. For the reasons above, plaintiff's request for a temporary restraining order as to the alleged conduct of the Kings and Queens District Attorney's Offices and New York Police Department is DENIED.

By January 7, 2013, Plaintiff shall serve the remaining defendants—representatives for the Queens and Kings County District Attorney's Offices and New York City Police Department—a copy of this Order, and plaintiff's request for injunctive relief and all supporting

papers, and file proof of such service with the Court. In addition, Plaintiff shall effect service of the summons and complaint upon these defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. The remaining defendants shall file their opposition to the motion for preliminary injunction by January 15, 2013.

Although plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to send by overnight mail to plaintiff a copy of this Order.

SO ORDERED.

Dated: Brooklyn, New York  *Roslynn R. Mauskopf*
December 26, 2012  _____
ROSLYNN R. MAUSKOPF
United States District Judge