IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

GILBERT M. MARTINEZ,

                        Plaintiff,

               - against -

QUEENS COUNTY DISTRICT ATTORNEY (ADA Debra
Pomodor), KINGS COUNTY DISTRICT ATTORNEY, NEW
YORK CITY POLICE DEPARTMENT (Narcotics Division),
CITY OF READING POLICE DEPARTMENT, GLORIA P.
MARGARY, RAFAEL MARGARY, GLORIA A. MARGARY,
MID-PENN LEGAL SERVICES, NEW YORK SUPREME
COURT (Hon. Alice Schlesinger), KINGS COUNTY FAMILY
COURT (Hon. Anthony Cannataro), BERKS COUNTY
FAMILY COURT (Hon. Scott E. Lash), BERKS COUNTY
HUMAN RESOURCES, BERKS COUNTY SOCIAL
SECURITY ADMINISTRATION, T-MOBILE USA Inc., MET-
ED ELECTRIC SUPPLIER, VERIZON NEW YORK, INC.,
BERKS COMMUNITY HEALTH CENTER, READING
HOSPITAL, SAINT JOSEPH HEALTH NETWORK d/b/a
SAINT JOSEPH MEDICAL CENTER, SUNY DOWNSTATE
MEDICAL CENTER, MICHAEL D. CARLIN, ESQ., JESSICA
A. SPECTOR, ESQ.,

                        Defendants.

**Civil Docket No.:**

**12-CV-06262-RRM-RER**

---

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FILED ON BEHALF OF DEFENDANT BERKS COMMUNITY HEALTH CENTER PURSUANT TO Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6)

## INTRODUCTION

The defendant, Berks Community Health Center, submits the within memorandum of law

in support of its motion, pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6) to

dismiss the Plaintiff's Second Amended Complaint herein for lack of subject matter jurisdiction,

lack of personal jurisdiction, insufficient process and failure to state a claim upon which relief can be granted.

Plaintiff in this action has now made allegations against 23 defendants in the Second Amended Complaint, involving several different groups of Pennsylvania and New York defendants. In the Second Amended Complaint the Plaintiff claims that jurisdiction is based on Federal questions, citing 42 U.S.C. §1983, 28 U.S.C. §1332, and the Fourth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, as well as the Uniform Child Custody Enforcement Act. Not all of these statutes and Constitutional Amendments apply to Berks Community Health Center, as discussed below. Plaintiff now seeks $17,000,000 in damages and various declaratory judgments (none of which apply to movant Berks Community Health Center).

Plaintiff pleads two claims - that the defendants made an "unjustifiable attempt to retaliate against him for exercised[1] his Constitutional rights to Civil Suit" (Second Amended Complaint ¶73[2]), and that the defendants failed to prevent or correct the conduct and actions that deprived Plaintiff of his Constitutional rights, failed to train their employees not to engage in such conduct, and created an oppressive living environment. (Second Amended Complaint, ¶¶75*-78*). Plaintiff alleges (at ¶81*) that defendants' conduct and actions were intentional, malicious, taken with deliberate indifference and/or reckless disregard for the natural and probable consequences, and without lawful justification or reason.

---

[1] So spelled in the original.

[2] The Plaintiff made a numbering error in the Second Amended Complaint by following paragraph 83 with a second paragraph 71, and then continuing that numbering error to the end of the Second Amended Complaint, thereby creating a second set of paragraphs numbered 72 through 81. In order to clarify the movant's references to the Second Amended Complaint the second set of paragraphs so mis-numbered will be designated as 71*, 72*, 73*, and so forth.

The Plaintiff's specific allegations against Berks Community Health Center are contained as part of a group of loosely related paragraphs (¶¶46-58) which are listed under a heading which also names co-defendants Reading Hospital, Saint Joseph Medical Center and SUNY Downstate Medical Hospital.  Plaintiff alleges that these four defendants are being sued under 42 U.S.C. §1983 and 28 U.S.C. §1332, and the 8th and 14th Amendments of the United States Constitution[3], for refusing him medications for his medical conditions and conspiring to cause bodily injury and death, and by administering medications harmful to his liver.

Close analysis of the Second Amended Complaint reveals that Plaintiff's only claims against Berks Community Health Center are that the Center refused him pain medications, gave him prescriptions written by a nurse, gave him prescriptions that his health insurance would not cover since he would not comply with orders by Berks Community Health Center to take steroids, and continued to insist he take steroids while administering Motrin knowing that this mixture of drugs would increase the rate of liver damage or failure. The Plaintiff also alleges that the Center was aware of his liver being in poor health through blood work.

Plaintiff also alleges that on July 12, 2012 at his first visit to the Center a Dr. Rudin questioned him about his prior arrest record and asked him if he ever sells pills to his friends, and then denied him medication for pain.  He alleges that on August 27, 2013 ( presumably a typographical error) Debra, a nurse, gave him two prescriptions in sealed envelopes but one of the prescriptions was torn in half.  He claims that he asked the receptionist for a copy and was told to sit in the waiting area and then after ten minutes security officer Teddy Vasquez approached him and said "I was told by management to escort you out of the building.  Danny

---

[3]   In alleging in ¶¶46-58 only violations of the 8th and 14th Amendments to the Constitution, Plaintiff thereby eliminates any claims that Berks Community Health Center violated the 4th and 6th Amendments, as well as the Uniform Child Custody Enforcement Act.

Gilmore said you're sick and barred from the facility."

The other allegations in this group claim that Reading Hospital and its affiliate Berkshire Quick Care Center refused to give plaintiff a prescription for pain, and that the SUNY Downstate Medical Center gave him steroids and Motrin and refused him medication and planted a confidential informant in the hospital to solicit him to buy a narcotic prescription illegally from the informant in order to jail the plaintiff. He claims that on two occasions at Saint Joseph Medical Center other patients were taken ahead of him, and he was refused medication and was not permitted to see a doctor. These allegations with respect to Reading Hospital, SUNY Downstate Medical Center and Saint Joseph Medical Center do not contain any references to Berks Community Health Center and do not allege that the Center was involved in any way with these other defendants or their alleged conduct.

## LEGAL ARGUMENT

### POINT 1

**DISMISSAL IS WARRANTED PURSUANT TO Fed.R.Civ.P. 12(b)(2)
BECAUSE THIS COURT HAS NO PERSONAL JURISDICTION OVER
THE DEFENDANT BERKS COMMUNITY HEALTH CENTER**

Dismissal of the Second Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction is warranted because the Complaint fails to contain allegations which would support personal jurisdiction over Berks Community Health Center in the United States District Court for the Eastern District of New York.

Plaintiff resides at 1706 Cotton Street, Reading, Pennsylvania, and Berks Community Health Center is located at 838 Penn Street, also in Reading, Pennsylvania. (Affidavit of Mary Kargbo, the Chief Executive Officer of Berks Community Health Center, para.2). According to the Second Amended Complaint, plaintiff's only interaction with Berks Community Health

Center took place in Berks County, Pennsylvania, and all allegations of culpable conduct are based in Berks County. These alleged facts do not provide a basis for personal jurisdiction against Berks Community Health Center in this Court as no acts are alleged to have taken place in the Eastern District.

The burden of establishing that the Court has personal jurisdiction over a defendant which makes a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) is on the party asserting it, the plaintiff. (Robinson v. Overseas Miltary Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994). A plaintiff may carry this burden "by pleading in good faith ... legally sufficient allegations of jurisdiction, *i.e.*, by making a 'prima facie showing' of jurisdiction." Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 184 (2d Cir.1998) (*quoting* Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 [2d Cir.1990]), or by plaintiff using his own affidavits and supporting materials containing "an averment of facts that, if credited ..., would suffice to establish jurisdiction over the defendant." Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir.1996).

Fed.R.Civ.P. 4(k)(1)(A) provides that service of a summons establishes personal jurisdiction over a defendant who is subject to the court of general jurisdiction in the state where the district court is located. As noted, plaintiff alleges that he resides in Reading, Pennsylvania, and Berks Community Health Center is also located in Reading, Pennsylvania. According to the amended complaint, plaintiff's only contact with Berks Community Health Center took place in Berks County, Pennsylvania. These alleged facts do not provide a basis for personal jurisdiction against Berks Community Health Center, as plaintiff's own allegations establish that both he and Berks Community Health Center are residents of Berks County, Pennsylvania, and that all of the acts alleged in the Second Amended Complaint took place in Berks County, Pennsylvania, and

conversely, that no acts are alleged to have taken place in the Eastern District.

New York's CPLR §301 and §302 (a) constitute the long-arm jurisdiction statute.  CPLR §301 permits the court to exercise general jurisdiction over a defendant if the defendant is "engaged in such a continuous and systematic course of 'doing business' in New York as to warrant a finding of its 'presence' in the state." Jazini v. Nissan Motor Co., 148 F.3d 181, *supra*, at 184 (2d Cir. 1998) (internal quotation marks and citation omitted), and where such business activities are "continuous, permanent, and substantial." Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 95 (2d Cir. 2000).  CPLR §302(a) provides that the Court can exercise personal jurisdiction over a non-domicilary as follows:

> (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>>
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

If the court finds that the defendant's actions meet the requirements of the long-arm statute, it must then inquire into whether the exercise of jurisdiction comports with the Due Process Clause of the Constitution.  In <u>Sichkin v. Leger</u>, 2012 U.S. Dist. LEXIS 108550, 8-9 (E.D.N.Y. July 30, 2012), the Court noted that:

> The due process analysis has two related components: the "minimum contacts" inquiry and the "reasonableness" inquiry. <u>Chloe v. Queen Bee of Beverly Hills, LLC</u>, 616 F.3d 158, 164 (2d Cir. 2010). The minimum contacts inquiry requires a showing by the plaintiff that "his claim arises out of or relates to defendant's contacts with the forum state, ... that the defendant purposefully availed himself of the privilege of doing business in the forum state and that the defendant could foresee being haled into court there." <u>Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,</u> 305 F.3d 120, 127 (2d Cir. 2002).  The reasonableness inquiry requires the court to ensure that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." <u>Golden Archer</u>, 2011 U.S. Dist. LEXIS 150742, 2012 WL 123989, at *5 (citing <u>Int'l Shoe Co. v. Washington</u>. 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

In the aforementioned affidavit of Mary Kargbo, Chief Executive Officer of Berks Community Health Center, Ms. Kargbo avers that the Center is a non-profit corporation which operates a health care center and provides medical care to patients with its sole place of business located at 838 Penn Street, Reading, PA 19601.  Ms. Kargbo further avers that (1) the corporation does not conduct any business in the State of New York; (2) the corporation does not own, possess or use any real property situated in the State of New York; and (3) the corporation does not regularly do or solicit business, or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in the State of New York.

Thus, plaintiff is unable to show that his claim arises out of or relates to Berks Community Health Center's contacts with the forum state, New York, since the Center has none. Nor can plaintiff establish that Berks Community Health Center "purposefully availed itself of

the privilege of doing business in the forum state" and "could foresee being haled into court there." Plaintiff's alleged interactions with the Center, viewing same in the light most favorable to the plaintiff, do not establish that personal jurisdiction lies through operation of New York's Long-Arm statute.

Plaintiff's Second Amended Complaint therefore fails to establish that personal jurisdiction exists as to this defendant.

## POINT II

### DISMISSAL IS WARRANTED PURSUANT TO Fed. R. Civ. P. 12(b)(5) BECAUSE OF INSUFFICIENT SERVICE OF PROCESS

Berks Community Health Center also raises the following ground for dismissal. As set forth in Fed.R.Civ.P. 4(h)(1) a plaintiff effects service on a corporation " by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." Plaintiff has failed to show that proper service was effectuated in accordance with this statute on Berks Community Health Center, a not-for-profit corporation. (Kargbo Affidavit, para. 2).

Submitted with this motion is an affidavit from Wanda Diaz, a receptionist who was working at the Center on or about March 27, 2013. According to her affidavit, the Plaintiff and a male companion entered the Center and interrupted Ms. Diaz as she was working with a patient. Without announcing what they were, the Plaintiff's companion tried to hand papers to Ms. Diaz, who because she was working with a patient, could not take the papers. The papers were then thrown on the counter, and when they were returned to the Plaintiff and his companion, the papers were thrown on the floor of the Center near the door as Plaintiff and his companion

exited. As stated in her affidavit (para 8) at no time was Ms. Diaz asked if she was authorized to accept service on behalf of the corporation, and Ms Diaz was never authorized by the corporation to accept legal service on its behalf (para 10). Moreover, as confirmed in the Kargbo affidavit (para. 7), Ms. Ortiz was a receptionist employed by the corporation to work in the area where patients seeking medical care arrived and waited to be seen, and was not an officer, director, managing or general agent, cashier or assistant cashier or any other agent authorized by appointment or by law to receive service.

As the terms of Fed.R.Civ.P. 4(h)(1) make clear, under this rule a plaintiff cannot serve a corporation by leaving a copy of the summons and complaint with a person of suitable age and discretion, which is, at best, what happened here. *See*, Mantis v. Cult Awareness Network, 1993 U.S. Dist. LEXIS 2083, at *3 (D.D.C. Feb. 26, 1993) (dismissing case for insufficient service of process when plaintiff left process papers at the desk of a receptionist for the corporate defendant). Service is required to be made on an officer, director, managing or general agent, cashier or assistant cashier or any other agent authorized by appointment or by law to receive service.

No attempt was made to ascertain if Ms. Diaz was authorized to accept service on behalf of this non-profit corporation, and the affidavits of Ms. Kargbo and Ms. Diaz prove that she was not so authorized. Plaintiff therefore cannot show that proper service was effectuated in accordance with this statute on Berks Community Health Center, a not-for-profit corporation.

Fed.R.Civ.P. 4(e)(1) also permits service of process "pursuant to the law of the state in which the district court is located." NY CPLR §311(a)(1) provides that personal service upon a corporation shall be made by delivering the summons upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other

agent authorized by appointment or by law to receive service.  The affidavits of Ms. Kargbo and

Ms. Diaz establish that Plaintiff's service in this case was insufficient under the applicable New

York statute as well, since Ms. Diaz was not authorized to accept service for the corporation and

was not an officer, director, managing or general agent, or cashier or assistant cashier or to any

other agent authorized by appointment or by law to receive service.

## POINT III

### DISMISSAL IS WARRANTED PURSUANT TO Fed. R. Civ. P. 12(b)(1) AND (6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff's failure to state a federal claim upon which relief may be granted under 42

U.S.C. 1983 and  the 8th and 14th Amendments (Fed.R.Civ.P. 12[b][6]) renders  this Court

without jurisdiction over the subject matter of this matter (Fed.R.Civ.P. 12[b][1]).  As such, a

review of the standard applicable to dismissal motions brought pursuant to Fed.R.Civ.P. 12(b)(6)

is in order.  It is axiomatic that:

> [a] complaint may not be dismissed under Rule 12(b)(6) unless it
> "appears beyond doubt that the plaintiff can prove no set of facts
> in support of his claim which would entitle him to relief." Allen
> v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991)
> (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2
> L.Ed.2d 80 [1957]).  In reviewing a Rule 12(b)(6) motion, this
> Court must accept the factual allegations of the complaint as true
> and must draw all reasonable inferences in favor of the plaintiff.
> Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.), cert. denied,
> ___ U.S. ___, 115 S.Ct. 117, 130 L.Ed.2d 63 (1994).  The review
> of such a motion is limited, and "'[t]he issue is not whether a
> plaintiff will ultimately prevail but whether the claimant is entitled
> to offer evidence to support the claims.'" Villager Pond, Inc. v.
> Town of Darien, 56 F.3d 375, 378 (2d Cir.1995) (quoting Scheuer
> v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90
> [1974]).

Bernheim v. Litt, 79 F. 3d 318, 321 (2d Cir. 1996).  In undertaking such review, the Court may

consider only the allegations in the complaint and any documents incorporated therein by

reference. <u>Blue Tree Hotels Inc. (Can.), Ltd. v Starwood Hotels and Resorts Worldwide, Inc.</u>, 369 F.3d 212, 217 (2d Cir. 2004).

      The guidelines for sufficiently stating a claim for relief in this Court are set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure, which provides that "[a] pleading that states a claim for relief must contain ... (2) a short and plain statement of the claim <u>showing that the pleader is entitled to relief.</u>" (Fed.R.Civ.P. 8[a][2]; emphasis added). In <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), the United State Supreme Court interpreted that rule as follows:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.;* <u>Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.</u>, 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see* <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, *see* 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"),[3] on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g.,* <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); <u>Neitzke v. Williams</u>, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Further:

> To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to "state a claim to relief that is
> plausible on its face." _Id.,_ at 570, 127 S.Ct. 1955. A claim has
> facial plausibility when the plaintiff pleads factual content that
> allows the court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged. _Id.,_ at 556, 127
> S.Ct. 1955. The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a
> defendant has acted unlawfully. _Ibid._  Where a complaint pleads
> facts that are "merely consistent with" a defendant's liability, it
> "stops short of the line between possibility and plausibility of
> 'entitlement to relief.'" _Id.,_ at 557, 127 S.Ct. 1955 (brackets
> omitted).

Ashcroft v. Iqbal, 556 U.S.662, 678 (2009).  (Emphasis added).

In this case, plaintiff has failed to provide Berks Community Health Center with "fair
notice of what [her] claim is and the grounds upon which it rests," as is required by Twombly,
_supra._  As such, he has also not "raised a right to relief above the speculative level." _Id_  While
he in most general and non-specific terms asserts that that the moving defendant violated the 8th
and 14th Amendments, he has not set forth a factual scenario which would support these claims.
Rather, he offers only "legal conclusions couched as [factual allegations]", which, as the
Supreme Court recognized in Twombly, _supra,_ and Aschcroft, _supra,_ warrants dismissal of those
claims.  Fed.R.Civ.P. 12(b)(6).

In order to state a cause of action under 42 U.S.C. 1983 the plaintiff must allege that he
suffered a deprivation of his rights or privileges secured by the Constitution "under color of any
statute, ordinance, regulation, custom or usage, of any State." 42 U.S.C. §1983; Sykes v. James,
13 F.3d 515, 519 (2d Cir.1993).  The allegations in the Second Amended Complaint make clear
that Berks Community Health Center, a private not-for-profit corporation, does not qualify as a
state actor under Section 1983. "[S]tate action may be found if, though only if, there is such a

'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n., 531 U.S. 288, 295 (2001) (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351[1974]).

Plaintiff asserts that Berks Community Health Center was acting "under color of Law" (Second Amended Complaint, para. 75*). Since no private redress is available under the Constitution itself for alleged violations of the rights it guarantees, 42 U.S.C. 1983 is the proper vehicle for asserting these claims.  Under section 1983:

> anyone acting "under color of any [state] statute, ordinance, regulation, custom, or usage," who causes a United States citizen to be deprived "of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. The Supreme Court has explained that "[t]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161, 112 S. Ct. 1827, 118 L. Ed. 2d 504 (1992).  Accordingly, we have held that "[a] plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003).

Sybalski v. Indep. Group Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008).  In this case, plaintiff has failed to plead sufficient facts to establish (1) that Berks Community Health Center was "acting under color" of state law or that (2) the Center deprived the plaintiff of any federally guaranteed right.  "As a general rule, private hospitals do not act under the color of law for § 1983 purposes."  Sykes v. McPhillips, 412 F. Supp. 2d 197, 200-201 (N.D.N.Y 2006) (citing Doe v. Rosenberg, 996 F. Supp. 343, 356 [S.D.N.Y. 1998], which cites Thomas v. Beth Israel Hosp., 710 F. Supp. 935, 940 [S.D.N.Y. 1989]; see also, Hollman v. Cty. of Suffolk, 2011 U.S. Dist. LEXIS 8335, *14.

As the Court in <u>Sybalski</u>, *supra*, went on to explain:

> For the purposes of section 1983, the actions of a nominally private entity are attributable to the state when: (1) the entity acts pursuant to the "coercive power" of the state or is "controlled" by the state ("the compulsion test"); (2) when the state provides "significant encouragement" to the entity, the entity is a "willful participant in joint activity with the [s]tate," or the entity's functions are "entwined" with state policies ("the joint action test" or "close nexus test"); or (3) when the entity "has been delegated a public function by the [s]tate," ('the public function test'). <u>Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n</u>, 531 U.S. 288, 296, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001) (citations and internal quotation marks omitted). It is not enough, however, for a plaintiff to plead state involvement in "*some activity* of the institution alleged to have inflicted injury upon a plaintiff"; rather, the plaintiff must allege that the state was involved **[*258]** "with the *activity that caused the injury*" giving rise to the action. <u>Schlein v. Milford Hospital, Inc.</u>, 561 F.2d 427, 428 (2d Cir. 1977) (internal quotation marks and citation omitted) (emphases added); *see also* <u>United States v. Int'l Bhd. of Teamsters</u>, 941 F.2d 1292, 1296 (2d Cir. 1991) ("The question is not whether the decision to *establish* the [private entity] was state action, but rather whether the [private entity]'s decision to *sanction* [plaintiffs] may be 'fairly attributable' to the [g]overnment." (*quoting* <u>Lugar v. Edmondson Oil Co., Inc.</u>, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 [1982]).

<u>Id</u>, at 257-58. (Emphasis in original). Plaintiff's 1983 Claim is not plausible on its face, since he has not pled any facts which suggest that the actions or inactions of the Center were in any manner controlled or compelled by the state so as to call for application of the "compulsion test," the "joint action test" or the "public function test."

In addition, plaintiff's complaint seeks redress under section 1983 for violations of the rights created by the 8th and 14th Amendments to the United States Constitution. Even if this Court finds that plaintiff has pled sufficient facts, which if true, would warrant a finding that the Center was a state actor, he has not sufficiently pled that the Center violated any constitutional right. As the United States District Court for New York's Northern District pointed out in <u>Perez</u>

v. Crook, 2008 U.S. Dist. Lexis 91020 at 5, 9:08 CV 1153 (GLS):

> "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir.1993) (citing City of Oklahoma v. Tuttle, 471 U.S. 808, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985)). An essential element of a § 1983 claim is that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir.1994) (citing Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420, (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); see also Sykes, 13 F.3d at 519 ("to prevail on a section 1983 claim, the plaintiff must show that the defendant's conduct deprived him of a federal right.").

Thus, in order to properly plead such a claim under the requirements of Twombly, supra and Ashcroft, supra, plaintiff was required to articulate which specific 8th or 14th Amendment right or rights the Center allegedly violated when it either prescribed medication or denied medication to the plaintiff. He has not done this and, on that basis alone, his complaint should be dismissed.

Assuming arguendo that plaintiff's vague references to the 8th and 14th Amendments are sufficient to plead a violation of the rights they protect, under no interpretation of the facts pled could the Center's alleged wrongdoing possibly rise to the level of any constitutional violation. Also, assuming only for the purposes of argument that plaintiff's allegations against Berks Community Health Center somehow involved state action, no federally protected right is involved. Allegations with respect to the negative side effects of medication do not constitute state action. (Johnson v. Sarubin, 1987 U.S. Dist. LEXIS 9388, 3-4 (E.D. Pa. Oct. 15, 1987).

Moreover, despite citing 28 U.S.C. 1332 at page 4 of the Second Amended Complaint, plaintiff may not invoke this Court's diversity jurisdiction because, as noted, there is not complete diversity among the parties. It is well-settled that:

> Congress has given the federal district courts original jurisdiction over civil actions between "citizens of different States" where, as here, the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a) (2000). <u>The citizenship requirement for diversity jurisdiction has been interpreted to mean complete diversity so that each plaintiff's citizenship must be different from the citizenship of each defendant</u>. *See* Caterpillar, 519 U.S. at 68.

<u>Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.</u>, 373 F.3d 296, 302 (2d Cir. 2004) (*citing* <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61 (1996). The plaintiff's citizenship is not diverse from that of Berks Community Health Center, as both are citizens of the state of Pennsylvania.

The absence of subject matter jurisdiction is an absolute bar to any claim for relief asserted in the federal courts, regardless of when or by whom it is raised. As the United States Court of Appeals for the Second Circuit observed in <u>Cave v. East Meadow Union Free School Dist.</u>, 514 F.3d 240, 250 (2d Cir. 2008):

> In <u>Mansfeld, Coldwater & Lake Michigan Railway Co. v. Swan</u>, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884), the Supreme Court noted the existence of an "inflexible" rule that "without exception" requires federal courts, on their own motion, to determine if jurisdiction is lacking. *Id.* at 382. Issues relating to subject matter jurisdiction may be raised at any time, even on appeal, and even by the court *sua sponte*. <u>Liberty Mut. Ins. Co. v. Wetzel</u>, 424 U.S. 737, 740, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976). If a court perceives at any stage of the proceedings that it lacks subject matter jurisdiction, then it must take proper notice of the defect by dismissing the action. *Id.* Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (Emphasis added).

<u>Doe v. Harrison, *et. al*</u>, 254 F.Supp.2d 338, 345 (S.D.N.Y. 2003). As the Eastern District Court explained in <u>Humbles v. Reuters America, Inc.</u>, 2006 W.L. 2547069 (E.D.N.Y., 2006):

> The standards for dismissal under 12(b)(6) and 12(b)(1) are virtually identical. <u>Lerner v. Fleet Bank, N.A.</u>, 318 F.3d 113, 128 (2d Cir.2003) (*citing* <u>Moore v. Painewebber, Inc.</u>, 189 F.3d 165, 178-179 (2d Cir.1999)). The motion should be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Formica v.

Town of Huntington, 1996 U.S.App. LEXIS 31031, at 4 (2d Cir.
Sept. 19, 1996) (citation omitted); Fortress Bible Church v. Feiner,
2004 U.S. Dist. LEXIS 9614, at 3 (S.D.N.Y. March 29, 2004)
(citing Sec. Investor Prot. Corp. v. BDO Seidman, LLP, 222 F.3d
63, 68 (2d Cir.2000)). The only practical distinction is that "the
party invoking the jurisdiction of the court has the burden of proof
in a 12(b)(1) motion, in contrast to a 12(b)(6) motion, in which the
defendant has the burden of proof." Lerner, 318 F.3d at 128 (citing
Thompson v. County of Franklin, 15 F.3d 245, 248 (2d Cir.1994).

In sum, the second amended complaint fails to state a cause of action in that it fails to allege that Berks Community Health Center acted under color of state law, and Berks Community Health Center is not a state actor. In addition, subject matter is lacking in this action because there is no diversity of citizenship between plaintiff and this defendant, as each is a resident of Berks County, Pennsylvania, and because there is no federal question alleged in the Second Amended Complaint. In the absence of both a federal question and diversity jurisdiction, this Court does not possess subject matter jurisdiction over this case and it must be dismissed.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court dismiss Plaintiff's Complaint as against defendant Berks Community Health Center in its entirety and for such other and further relief that this Court deems just and proper.

Dated: New York, New York
          August 9, 2013

Respectfully submitted,

**McALOON & FRIEDMAN, P.C.**

*KENNETH P. STARACE*
**KENNETH P. STARACE**
Attorneys for Defendants
BERKS COMMUNITY HEALTH CENTER
123 William Street, 25th Floor
New York, New York  10038
(212) 732-8700

17

**TABLE OF CONTENTS**

Pages

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION ............................................................................................. 1

LEGAL ARGUMENT

POINT 1

       DISMISSAL IS WARRANTED PURSUANT TO
       Fed.R.Civ.P. 12(b)(2) BECAUSE THIS COURT
       HAS NO PERSONAL JURISDICTION OVER THE
       DEFENDANT BERKS COMMUNITY HEALTH CENTER .......................................... 4

POINT II

       DISMISSAL IS WARRANTED PURSUANT TO
       Fed. R. Civ. P. 12(b)(5) BECAUSE OF INSUFFICIENT
       SERVICE OF PROCESS ................................................................................ 8

POINT III

       DISMISSAL IS WARRANTED PURSUANT TO
       Fed. R. Civ. P. 12(b)(1) AND (6)  FOR FAILURE TO STATE
       A CLAIM UPON WHICH RELIEF CAN BE  GRANTED
       AND FOR LACK OF SUBJECT MATTER JURISDICTION ....................................... 10

CONCLUSION ................................................................................................ 17

# TABLE OF AUTHORITIES

Pages

**Cases**

Ashcroft v. Iqbal, 556 U.S.662 (2009)................................................................ 12, 15

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)...................................... 11, 12, 15

Bernheim v. Litt, 79 F. 3d 318 (2d Cir. 1996) .......................................................... 10

Blue Tree Hotels Inc. (Can.), Ltd. v Starwood Hotels
   and Resorts Worldwide, Inc., 369 F.3d 212 (2d Cir. 2004)................................... 11

Brentwood Academy v. Tennessee Secondary
   Sch. Athletic Ass'n., 531 U.S. 288 (2001) ........................................................... 13

Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296 (2d Cir. 2004) ............... 16

Cave v. East Meadow Union Free School Dist., 514 F.3d 240 (2d Cir. 2008)............... 16

Doe v. Harrison, et. al, 254 F.Supp.2d 338 (S.D.N.Y. 2003) ...................................... 17

Hollman v. Cty. of Suffolk, 2011 U.S. Dist. LEXIS 8335, at *14 (E.D.N.Y. Jan. 27, 2011) ...... 13

Humbles v. Reuters America, Inc., 2006 W.L. 2547069 (E.D.N.Y. Aug. 31, 2006) .................. 17

Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 184 (2d Cir.1998) ........................................... 5, 6

Johnson v. Sarubin, 1987 U.S. Dist. LEXIS 9388 (E.D.Pa. Oct. 15, 1987) ................................ 15

Mantis v. Cult Awareness Network, 993 U.S. Dist. LEXIS 2083, at *3,
   (D.D.C. Feb. 26, 1993) ......................................................................................... 9

Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560 (2d Cir.1996) ......................... 5

Perez v. Crook, 2008 U.S. Dist. Lexis 91020 at *5 (N.D.N.Y. Nov. 2008) ................................ 15

Robinson v. Overseas Military Sales Corp., 21 F.3d 502 (2d Cir.1994) ...................................... 5

Sichkin v. Leger, 2012 U.S. Dist. LEXIS 108550, 8-9 (E.D.N.Y. July 30, 2012) ........................ 7

Sybalski v. Indep. Group Home Living Program, Inc., 546 F.3d 255 (2d Cir. 2008) ............ 13, 14

Sykes v. James, 13 F.3d 515 (2d Cir.1993) ............................................................... 12

<u>Sykes v. McPhillips</u>, 412 F. Supp. 2d 197, 200-201 (N.D.N.Y 2006) ......................................... 13

<u>Wiwa v. Royal Dutch Petroleum Co.</u>, 226 F.3d 88 (2d Cir. 2000)................................................ 6

**Statutes**

28 U.S.C. §1332 ................................................................................................................. 2, 3, 16

42 U.S.C. §1983 ....................................................................................................... 2, 3, 10, 12, 13

CPLR §301 ............................................................................................................................... 6

CPLR §302(a) ........................................................................................................................... 6

CPLR §311(a)(1) ....................................................................................................................... 9

Fed.R.Civ.P. 12(b)(1)............................................................................................................. 1,10

Fed.R.Civ.P. 12(b)(2)............................................................................................................ 1, 4, 5

Fed.R.Civ.P. 12(b)(5)............................................................................................................. 1, 8

Fed.R.Civ.P. 12(b)(6)........................................................................................................... 10, 12

Fed.R.Civ.P. 4(e)(1) ................................................................................................................ 9

Fed.R.Civ.P. 4(h)(1)............................................................................................................... 8, 9

Fed.R.Civ.P. 4(k)(1)(A) .......................................................................................................... 5